Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 4293 | **DATE** | 6/27/2001 |
| **CASE TITLE** | WARNER-LAMBERT CO. vs. APOTEX CORP., et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiff's Rule 59(e) motion to alter or amend judgment is granted. We vacate our March 2, 2001 Order dismissing plaintiff's first patent infringement claim pursuant to Rule 54(b). The first patent infringement claim is dismissed pursuant to Rule 56.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | JUN 28 2001 date docketed |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials |
| | Copy to judge/magistrate judge. | 01 JUN 27 PM 2:53 | |
| TBK | courtroom deputy's initials | | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

91

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WARNER-LAMBERT COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 98 C 4293 |
| | ) | Paul E. Plunkett, Senior Judge |
| APOTEX CORP., APOTEX, INC. | ) | |
| and TORPHARM, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**DOCKETED**
**JUN 2 8 2001**

## MEMORANDUM OPINION AND ORDER

On March 2, 2001, we entered judgment in favor of defendants on its motion for summary judgment with regard to plaintiff's first patent infringement claim (Patent No. 4,894,476) pursuant to Fed. R. Civ. P. (Rule) 54(b). On March 16, 2001, plaintiff filed a timely Rule 59(e) motion to alter or amend that judgment. For the reasons set forth below, plaintiff's motion is granted.

### Legal Standard

This Court's orders are not "mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1985). Thus, motions to reconsider are rarely appropriate. They should only be presented when the law or facts change significantly after the issue is presented to the Court, the Court has "patently misunderstood a party," has "made a decision outside the adversarial issues presented" to it, or has "made an error not of reasoning but of apprehension." Bank of Waunakee v. Rochester Cheese Sales, 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting Above The Belt, Inc. v. Mel Bohannon Roofing,

-1-

Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). Such motions do not allow "a party to undo its own procedural failures [or] to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996) (citation omitted).

### Discussion

On October 5, 2000, defendant moved for summary judgment with regard to plaintiff's first patent infringement claim. In response, plaintiff agreed that because plaintiff could not get the discovery necessary to demonstrate a genuine issue of material fact, entry of summary judgment was appropriate. In reply, defendant requested that we enter judgment pursuant to Rule 54(b). We did so on March 2, 2001, stating:

> Because plaintiff has not responded to defendants' motion for summary judgment with facts sufficient to prevent the entry of summary judgment, and because plaintiff agrees that summary judgment in favor of defendants is appropriate, we grant defendants' motion for summary judgment. Moreover, because there is no just reason for delay or appeal of such order, it is hereby ordered that defendants are entitled to summary judgment as to plaintiff's patent infringement claim (Patent No. 4,894,476) pursuant to Fed. R. Civ. P. 54(b). This is a final and appealable order.

Our decision to grant defendants' request for a Rule 54(b) certification was premised on the fact that plaintiff agreed that summary judgment was appropriate, plaintiff failed to present any evidence in response to defendants' motion for summary judgment, and plaintiff passed up the opportunity to object to defendants' request for a Rule 54(b) certification. However, in hindsight, it is clear that we "patently misunderstood the parties" insofar as we believed they both agreed that a Rule 54(b) certification was desired. Bank of Waunakee, 906 F.2d at 1191. Therefore, plaintiff's Rule 59(e) motion is appropriate. Upon reconsideration, we vacate our March 2, 2001, Order dismissing

plaintiff's first patent infringement claim pursuant to Rule 54(b). A brief explanation of why we chose to alter our earlier judgment follows.

Plaintiff has submitted several arguments in support of its contention that our Rule 54(b) certification was inappropriate. For the most part, plaintiff's positions are untenable. First, plaintiff's assertion that Rule 54(b) certification is reserved for the "infrequent harsh case" results from plaintiff's misinterpretation of the Supreme Court's holding in Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 9-10 (1979). As defendants point out, Curtiss-Wright, held that "[h]owever accurate it may be as a description of cases qualifying for Rule 54(b) treatment, the phrase "infrequent harsh case" in isolation is neither workable nor entirely reliable . . . ." Id. Second, plaintiff's contention that a delay in final judgment will preserve judicial administrative interests is likewise meritless. Considering the fact that plaintiff cannot in good faith appeal the entry of summary judgment, there is no danger of piecemeal litigation. Finally, and most troublesome, is plaintiff's basis for arguing that the consequences of entering final judgment weigh heavily against entering judgment now. The proffered basis for plaintiff's contention is that Purepac, who is one of the defendants in the New Jersey lawsuit, may lose some of its exclusivity rights if judgment were entered now. Plaintiff's assertion that it has Purepac's best interest at heart is not very convincing. After all, plaintiff is suing Purepac for patent infringement. It is clear that the catalyst behind plaintiff's desire to prolong the entry of final judgment is so that plaintiff can preserve its monopoly in the marketplace for as long as possible.

Despite our disagreement with plaintiff's arguments, we find that the entry of a Rule 54(b) was inappropriate. At first glance, the language of Rule 54(b) suggests that it would apply to a wide array of cases. In fact, if our inquiry were really only limited to determining whether there was "no just reason for delay," Rule 54(b) would apply to this case. However, the courts have interpreted

Rule 54(b) much narrower. For instance, the Seventh Circuit has held that a district judge ordinarily should not enter a Rule 54(b) certification unless the losing party requests it. Exchange Nat. Bank of Chicago v. Daniels, 763 F.2d 286, 291 (7th Cir. 1985). In addition, "[t]he only purpose of Rule 54(b) is to render "final" for purposes of appellate review a discrete part of a case that can and should stand on its own immediately." Carver v. Condie, 169 F.3d 469, 472 (7th Cir. 1999). Considering the Seventh Circuit's narrow interpretation of Rule 54(b), it seems as though we must not only make an "express determination that there is no just reason for delay," we must find a reason to enter judgment now, e.g., the losing party desires to appeal immediately, or certification would confine the remaining claims. Entering judgment now would do nothing to advance the remaining patent infringement claim. Therefore, we vacate our March 2, 2001 Order dismissing plaintiff's first patent infringement claim pursuant to Rule 54(b). The first patent infringement claim is dismissed pursuant to Rule 56.

ENTER:

UNITED STATES DISTRICT JUDGE

DATED: June 27, 2001