# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 4293 | **DATE** | 7/26/2001 |
| **CASE TITLE** | WARNER-LAMBERT CO. vs. APOTEX CORP., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiff's motion to transfer pursuant to 28 U.S.C. Section 1404(a) is hereby denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 2 7 2001 date docketed | 94 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | FILED FOR DOCKETING | | |
| | Copy to judge/magistrate judge. | 01 JUL 26 PM 4:09 | date mailed notice | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WARNER-LAMBERT COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 98 C 4293 |
| | ) Paul E. Plunkett, Senior Judge |
| | ) |
| APOTEX CORP., APOTEX, INC. | ) |
| and TORPHARM, INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's 28 U.S.C. § ("section") 1404 (a) motion to transfer this action to New Jersey. For the reasons set forth below, the motion is denied.

### Facts

Warner Lambert ("Plaintiff") is a developer and manufacturer of prescription pharmaceuticals. (Pl.'s Mot. Trans. ¶ 1.) One such drug is gabapentin, to which Plaintiff claims to own the patent rights. Apotex is a generic drug manufacturer, and includes in its products the drug gabapentin. (Pl.'s Mot. Trans. ¶ 3.) On July 14, 1998, Plaintiff sued Apotex ("Defendant") in this court claiming infringement of two separate and distinct patents. (Pl.'s Mot. Trans. ¶ 1.) The '476 patent covers a chemical form of gabapentin called "a monohydrate," while the '479 patent relates to a method of using gabapentin to treat neurodegeneration. (Pl.'s Mot. Trans. ¶ 3). Earlier, this court has thus far granted

-1-

Defendant a partial summary judgement of finding no infringement of the '476 patent by the defendant. (Id. ¶ 2.)

Prior to the filing of the instant action, on June 11, 1998, Plaintiff filed another patent infringement suit in New Jersey against Purepac, another pharmaceutical company which Plaintiff clams is also infringing on its '476 and '479 patents.

## Discussion

Plaintiff has now moved to transfer this action to New Jersey. 28 U.S.C. § 1404 provides the appropriate standard to determine whether transfer is warranted. Section 1404 states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." As one can see, two requirements must be met under § 1404: (1) personal jurisdiction in the proposed venue and (2) the transfer must be convenient and in the interests of justice.

### 1. Does New Jersey have Personal Jurisdiction over Defendant?

The Supreme Court has held that personal jurisdiction can be established through a system of minimum contacts which exist when "the defendant purposely avails himself of the privileges of conducting activities with the forum state and can reasonably be expected to be haled into court there." World-Wide Volkswagen v. Woodson, 444 U.S. 286, 297 (1980). A finding of personal jurisdiction is favored so long as "maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe v. Washington, 326 U.S. 310, 316 (1945).

It appears from the record that Defendant is subject to personal jurisdiction in New Jersey. Specifically, New Jersey law allows pharmacists to substitute generic drugs (like those manufactured by Defendant) for brand name drugs when a generic or less expensive drug is available.[1] In order for a generic drug to become "available," New Jersey law allows pharmaceutical companies to list its generic product on the New Jersey Formulary. Defendant is, in other words, enabling pharmacists to substitute its products for brand name drugs within the State.[2] Defendant's listing of the drug for sale constitutes purposeful availment, and as a result, Defendant can reasonably foresee being hailed into court in New Jersey.

Therefore Defendant's participation in the New Jersey pharmaceutical market is sufficient to establish the minimum contact requirements, without offending any notion of "fair play or substantial justice." International Shoe v. Washington, 326 U.S. 310, 316 (1945).

## 2. Would a transfer be convenient and in the interest of justice?

Section 1404 states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In interpreting this statute, the United States Supreme Court has held one of its underlying principles is to prevent the "waste of time, energy and money and to protect the litigants, witnesses and the public against unnecessary expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal citations omitted). With regard to changes in venue, this court has held that a transfer of

---

[1] See N.J. 24: 6E-7.
[2] See N.J. Admin. Code tit. 8, § 70-1.4.

forum that merely shifts the inconveniences from one party to another is not appropriate. See Sears, Roebuck & Co. v. Malony, No. 97-7165, 1998 WL 214689 (N.D. Ill. Apr. 22, 1998); Chicago Truck Drivers, 1993 WL 385133, at *2. Finally, since Plaintiff chose Illinois as the forum in the first place, Plaintiff must demonstrate a "change in circumstance that has occurred since the filing of the action which warrant a change of venue." Rappoport v. Steven Spielberg, Inc., 16 F. Supp. 2d 481, 501 (D.N.J. 1998); James v. Daley and Lewis, 406 F. Supp. 645, 648-49 (D.Del. 1976); Leiker v. Jarvis Products Corp., No.90-1179,1990 WL 112974, at *1-2 (D.Kan. July 10, 1990).

Plaintiff's argument is essentially that they are already engaged in a suit in New Jersey which involves the same issues of infringement as the instant case.[3] In the name of judicial efficiency, Plaintiff argues that if the suit is transferred to New Jersey the magistrate judge can try both of the infringement cases together.[4] Finally, Plaintiff argues that this change in venue would be convenient for several of its witnesses because of their presence in the New Jersey case, and thus a transfer would simply eliminate the possibility that these witnesses would have to testify at two separate trials.[5] Plaintiff's arguments are unpersuasive.

First of all, plaintiff for the better part of three years has pursued these cases in two different forums. Plaintiff points to no significant change of circumstances over that time. Secondly, even if the end result of a transfer to New Jersey were one judge and one trial, then a transfer might be appropriate. However, the posture of this case is such that a transfer to New Jersey could still result in multiple cases tried by different judges. Defendant correctly points out that in order for their cases to be consolidated into one

---

[3] See Pl.'s memo. in support of its mot. trans. ¶ 11.
[4] Id.
[5] Id. ¶ 13.

trial in New Jersey, Defendant would have to consent to suit by Magistrate Judge Chesler, who is already hearing Plaintiff in the Purepac case.[6] It appears as though Defendant is unwilling to do that. Therefore, the end result with a transfer would be more than one judge hearing more than one case. Considering the beneficial purposes behind a transfer cannot be fulfilled in this case, Plaintiff's arguments that a transfer would be in the "best interests" of the parties, must fail.

At best, a transfer to New Jersey would merely shift the inconveniences from Plaintiff to the defendant. Chicago Truck Drivers. In the present case, it is a lose-lose situation, and it appears that both parties have indicated they would suffer inconveniences in either forum. Therefore, this court finds that the ultimate resolution of the central issue will not be decided on who is most inconvenienced, but which forum will serve the best interests of both parties.

### Conclusion

For the reasons set forth above, Plaintiff's Motion to Transfer pursuant to 28 U.S.C. § 1404 (a) is hereby denied.

**ENTER:**

**SENIOR UNITED STATES DISTRICT JUDGE**

DATED: 7-26-01

---

[6] Warner-Lambert v. Purepac et al., Civil Action No. 98-2749 (D.N.J.) [Judge John C. Liftland; Magistrate Stanley R. Chesler].